UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
|---|---|---|---|
| Title | IN RE: ALFRED MCZEAL | | |
| | Bankruptcy No. 2:13-bk-24619-SK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) APPEAL FROM BANKRUPTCY COURT (filed August 9, 2013)

The Court finds this appeal appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On June 3, 2013, debtor Alfred McZeal filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. Appellant's Appendix Excerpt of Record ("AER") at 6. On June 19, 2013, the United States Trustee ("Trustee") filed a motion to dismiss or convert the case to a Chapter 7 proceeding. AER at 98. On August 1, 2013, the bankruptcy court dismissed the case with a 180-day prohibition against refiling. Debtor's Excerpts of Record ("DER") Ex. 1.

Debtor filed this appeal on August 9, 2013. Dkt. No. 1. He filed an opening brief on November 5, 2013, Dkt. No. 8, but the record was not certified complete until February 11, 2014, Dkt. No. 16. On March 11, 2014, the Trustee filed his brief in opposition. Dkt. No. 18. Debtor did not file a reply, which was due on March 25, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II. FACTUAL BACKGROUND

In debtor's June 3, 2013 Chapter 11 petition, he listed assets of approximately $29.5 million, and liabilities of approximately $294 million. AER at 29. Approximately $2 million of debtor's listed assets consist of real property, AER at 31; he also listed $12 million in contingent assets from pending lawsuits, and $12 million in trademarks, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | *IN RE: ALFRED MCZEAL* | | |

other assets, AER at 34–35. Debtor remained in possession of the bankruptcy estate because, prior to the motion to dismiss from which debtor appeals, no one sought the appointment of a Chapter 11 trustee.

On June 19, 2013, the Trustee filed a motion requesting that the bankruptcy court either dismiss the Chapter 11 case, convert the case to a Chapter 7 proceeding, or appoint a trustee. AER at 98. The Trustee argued that debtor had "failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides . . . Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings." AER at 99. The motion listed a dozen such documents and reports that debtor had allegedly failed to provide, and supported that contention with the declaration of a Bankruptcy Analyst in the Office of the United States Trustee for the Central District of California. AER at 99–100, 103–04. The bankruptcy court set a hearing on the motion for July 24, 2013. See AER at 152.

Debtor filed an opposition to the motion to dismiss on July 5, 2013. AER at 138. Although debtor did not contest that he had failed to provide the documents and records asserted by the Trustee, debtor argued (without explanation) that "dismissal of the case would unfairly prejudice the debtor and is not in the interest of justice." AER at 140. Debtor included in his opposition a request that the bankruptcy court, rather than dismissing the case, convert it to one under Chapter 13. AER at 138, 140. Debtor asserted that conversion to Chapter 13 was "necessary for the effective reorganization of the debtor," and "more practical [than] dismissal," although he did not explain why or offer any supporting documents. AER at 141. Debtor also argued that "conversion of the case to Chapter 7 is not practical . . . due to the debtor's prior Chapter 7 discharge." AER at 140.

On July 19, 2015, debtor filed a request to appear telephonically at the hearing on the motion to dismiss. AER at 147. On July 22, 2013, the bankruptcy court denied debtor's request, noting that the bankruptcy judge's court procedures expressly provided that she "does not 'allow telephonic appearances in any matter,' " and that debtor had provided no evidence or specific reason for his request to appear by telephone. AER at 152–53.

On July 23, 2013, debtor filed a "Notice of Removal to United States District Court," citing Federal Rule of Bankruptcy Procedure 9027(a). AER at 156. Through this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | IN RE: ALFRED MCZEAL | | |

filing, debtor appears to have attempted to withdraw his bankruptcy case to the district court. This filing also included a "Notice of Non-Consent to Entry of Final Orders by a Bankruptcy Judge," in which debtor "request[ed] transfer of the case to the United States District Court for final entry of any non-core claims in these proceedings." AER at 160.

The bankruptcy court heard the motion to dismiss as scheduled on July 24, 2013. At the hearing, counsel for the Trustee reiterated the request that the case be dismissed notwithstanding debtor's request for conversion to Chapter 13, arguing that "if you accept at face value what the debtor says on his petition regarding the values . . . of his properties and the general unsecured claims and secured claims, he's not eligible for [Chapter 13]."[1] AER at 179. The bankruptcy court granted the motion to dismiss the appeal with a 180-day refiling bar, DER Ex. 1, and this appeal followed.

### III. LEGAL STANDARD

A district court has jurisdiction to hear appeals from final judgments, orders or decrees of the bankruptcy court. 28 U.S.C. § 158(a). When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in the federal courts of appeal. In re Webb, 954 F.2d 1102, 1103–04 (5th Cir. 1992). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's "conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." In re Taylor, 599 F.3d 880, 887 (9th Cir. 2010).

A bankruptcy court's order dismissing a Chapter 11 case is reviewed for abuse of discretion. Sullivan v. Harnisch (In re Sullivan), 522 B.R. 604, 611 (B.A.P. 9th Cir. 2014) (citing In re Leavitt, 171 F.3d 1219, 1223 (9th Cir. 1999)). "The decision to

---

[1] "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 . . . may be a debtor under chapter 13." 11 U.S.C. § 109(e). As stated above, debtor claimed liabilities of almost $300 million on his petition.

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | *IN RE: ALFRED MCZEAL* | | |

convert the case to Chapter 7 is [also] within the bankruptcy court's discretion." In re Consol. Pioneer Mortg. Entities, 264 F.3d 803, 806 (9th Cir. 2001). "Such a decision 'will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision.' " Id. (quoting In re Conejo Enter., Inc., 96 F.3d 346, 351 (9th Cir. 1996)) (brackets omitted).

"The existence of the bankruptcy court's jurisdiction is a question of law subject to de novo review." Marciano v. Fahs (In re Marciano), 459 B.R. 27, 34 (B.A.P. 9th Cir. 2011) (citing Reebok Int'l, Ltd. v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir. 1992)).

## IV.   ANALYSIS

Debtor argues five points of error, which the Court addresses in turn.

### A.   Basis for Dismissing the Case with a 180-Day Filing Bar

First, debtor argues that the bankruptcy court abused its discretion in imposing a 180-day filing bar upon dismissal of his case. Debtor appears to contend that the Trustee did not request such a bar prior to making "erroneous comments" at the hearing. He also argues that there was no cause to support dismissal or the refiling bar. Debtor's Br. at 10.

As an initial matter, the Trustee persuasively argues that the 180-day bar issue is moot because that bar has already expired. Indeed, the 180-day prohibition period ran before the record was certified as complete in this bankruptcy appeal. And debtor has pointed to no consequences of the filing bar that would preserve the imposition of the bar as a live issue. Cf. Reischel v. Manufacturers & Traders Trust Co., 222 F. App'x 521, 523 (7th Cir. 2007) (unpublished) (expiration of 180-day refiling bar did not moot appeal where party foreclosed on debtor's home during pendency of the bar).

Even assuming that issue were not moot, however, the Court finds no error in the order dismissing debtor's case with a 180-day bar on refiling. First, to the extent debtor argues that the Trustee did not request such an action prior to the hearing on the motion to dismiss, the record indicates otherwise. The Trustee's motion to dismiss expressly requested: "If the case is dismissed, and the Court finds cause, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | *IN RE: ALFRED MCZEAL* | | |

days after the date of entry of the order of dismissal." AER at 102. Counsel for the Trustee reiterated that request at the hearing on the motion to dismiss. AER at 179.

Nor can this Court say that the bankruptcy court erred in dismissing the case with a 180-day prohibition against refiling. "[O]n request of a party in interest, and after notice and a hearing, the [bankruptcy] court shall convert a case . . . to a case under chapter 7 or dismiss a case . . . whichever is in the best interests of creditors and the state, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). For purposes of conversion or dismissal, "the term 'cause' includes . . . unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [Chapter 11]," as well as a "failure timely to provide information or attend meetings reasonably requested by the United States trustee." Id. § 1112(b)(4)(F), (H). Additionally, an individual may be barred from filing a subsequent bankruptcy petition for 180 days if his "case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in the proper prosecution of the case." Id. § 109(g); see also id. § 349(a) ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g)." (emphasis added)).

The motion to dismiss was supported by the declaration of Hakop Jack Arutyunyan ("Arutyunan"), a Bankruptcy Analyst with the Office of the United States Trustee for the Central District of California. See AER at 103–04. Arutyunan declared that debtor had failed to comply with the requirements of a Chapter 11 debtor in a case where no trustee has been appointed by failing to submit a dozen required documents and financial reports, including: sufficient evidence of closing of pre-petition bank accounts, sufficient evidence of the opening and maintenance of debtor-in-possession bank accounts, evidence of insurance coverage, a projected cash flow statement for the first ninety days of operation under Chapter 11, and proof of the recording of debtor's bankruptcy petition in the counties in which debtor's real property was located. Id. Opposing the motion to dismiss, debtor did not contest that he had failed to provide these required documents, and did not offer any explanation for having failed to do so. Debtor also failed to appear at the hearing on his motion to dismiss the bankruptcy case. AER at 179. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
|---|---|---|---|
| Title | *IN RE: ALFRED MCZEAL* | | |

the bankruptcy court could properly have found cause to (1) dismiss the case for debtor's failure to provide required documents, and (2) impose a 180-dayre filing bar for debtor's "failure. . . to appear before the court in the proper prosecution of the case."

### B. Withdrawal of the Reference

Although debtor conflates constitutional limits on bankruptcy courts' jurisdiction to enter final judgment and statutory provisions regarding withdrawal of the reference, he appears to argue that the bankruptcy court erred in not withdrawing his case to federal district court pursuant to 28 U.S.C. § 157(d).[2]

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This statute "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Coe-Truman Techs., Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). Under either provision, the "burden of persuasion is on the party seeking withdrawal." In re First Alliance Mortgage Co., 282 B.R. 894, 902 (C.D. Cal. 2001).

Withdrawal is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Ninth Circuit has suggested in dicta that mandatory withdrawal hinges "on the presence of substantial and material

---

[2] To the extent debtor separately raises a jurisdictional argument based on Stern v. Marshall, 131 S. Ct. 2594 (2011), the Court addresses that issue below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | *IN RE: ALFRED MCZEAL* | | |

questions of federal law." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). Another circuit court has warned that the mandatory withdrawal provision should be construed narrowly so as to avoid creating an " 'escape hatch' by which bankruptcy matters could easily be removed to the district court." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). Thus, the consideration of non-bankruptcy federal law must entail more than "routine application" to warrant mandatory withdrawal. In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990); see also In re Tamalpais Bancorp, 451 B.R. 6, 8–9 (N.D. Cal. 2011) ("Courts within the Ninth Circuit have largely adopted" the approach of requiring "the interpretation, as opposed to mere application, of the non-title 11 statute."); Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 222 (D. Haw. 2006) ("Cases involving significant interpretation require mandatory withdrawal, while those involving simple application do not." (citing City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2nd Cir. 1991))).

Debtor contends that the bankruptcy judge should have "suggest[ed] removal [of] the reference," and that an Article III court was required to decide "not only the adversary proceeding, but also the entire bankruptcy case." Debtor's Br. at 11. He also argues that his "notice . . . under Rule 9027(a)(1) required mandatory withdrawal of the reference . . . in light of the claims made under applicable bankruptcy law, and other laws of the United States." Id. at 17. But as stated above, the fact that claims are made under "bankruptcy law" clearly does not mandate withdrawal of the reference from the bankruptcy court. Moreover, debtor does not specify what "other laws of the United States" involved in the adversary proceeding would necessitate substantial interpretation of non-bankruptcy federal law. For these reasons, debtor's argument that the bankruptcy court erred in failing to withdraw the reference fails.

### C.    Federal Rule of Bankruptcy Procedure 7052

Next, debtor contends that the bankruptcy court erred by dismissing his case without making written findings of fact pursuant to Federal Rule of Bankruptcy Procedure 7052. Debtor's Br. at 13–14.

That rule incorporates by reference Federal Rule of Civil Procedure 52 "in adversary proceedings." Rule 52, in turn, provides in pertinent part: "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
|---|---|---|---|
| Title | *IN RE: ALFRED MCZEAL* | | |

and state its conclusions of law separately. The findings and conclusions may be stated on the record at the close of evidence or may appear in an opinion or memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1). Debtor's argument based on these rules lacks merit because the bankruptcy court did not conduct a bench trial, and for that reason was not required to make formal findings of fact. Rule 52 expressly states that a "court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Id. 52(a)(3); see In re Crucible Materials Corp., Bankr. No. 09-11582, Adv. No. 10-55178, 2011 WL 2669113, at *1 n.1 (Bankr. D. Del. July 6, 2011) ("The Court is not required to state findings of fact or conclusions of law . . . on a motion to dismiss.").[3] Therefore, the bankruptcy court did not err in dismissing debtor's case without making formal findings of fact.

### D.   Failure to Consider Motion to Convert Case

Next, debtor argues that the bankruptcy court erred by failing to adjudicate his motion to convert his case to one under Chapter 7 or Chapter 13, in lieu of dismissal. Debtor's Br. at 3, 15–16.

The transcript of the hearing on the Trustee's motion to dismiss, however, shows that the bankruptcy court considered—and decided against—converting the case to either Chapter 7 or Chapter 13. The bankruptcy court stated that it had reviewed debtor's opposition in which he requested conversion to Chapter 13, and "agree[d]" with the Trustee's counsel that, based on the almost $300 million in liabilities debtor claimed in his Chapter 11 petition, he was not eligible for conversion to Chapter 13. AER at 179–80; see 11 U.S.C. § 109(e) (limiting Chapter 13 eligibility to individuals that owe, "on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than

---

[3]The cases debtor cites for his argument that this case must be remanded in order for the bankruptcy court to make express factual findings are inapposite because, among other reasons, they involved bench trials. See In re Myrvang, 232 F.3d 1116, 1119 (9th Cir. 2000) ("Following trial, the bankruptcy court reached several conclusions."); In re Jess, 169 F.3d 1204, 1206 (9th Cir. 1999) ("The bankruptcy court conducted a trial to resolve the dispute.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
|---|---|---|---|
| Title | *IN RE: ALFRED MCZEAL* | | |

$1,149,525"). Additionally, debtor himself argued in his opposition to the motion to dismiss that he was "not eligible to conversion to a case under Chapter 7," AER at 141, and although the bankruptcy court disagreed with debtor's reasoning on that point, the bankruptcy court heard argument from counsel for the Trustee on whether the case should be converted to Chapter 7, and then decided (on sufficient grounds, as discussed above) to grant the motion to dismiss with a 180-day bar against refiling. AER at 180. For these reasons, the bankruptcy court did not abuse its discretion by failing to convert debtor's case to Chapter 7 or Chapter 13.

    **E.    Lack of Jurisdiction to Enter Final Judgment**

Finally, debtor argues that the bankruptcy court lacked jurisdiction to dismiss his case "without a merits review by an Article III District Judge." Debtor's Br. at 17. Citing Stern v. Marshall, 131 S. Ct. 2594 (2011), debtor stresses that he filed a "notice of non-consent to entry of final orders by a bankruptcy judge in accordance with Bankruptcy Rule 9027(a)(1)." Id. at 12, 17.[4]

This argument, too, lacks merit. In Stern, the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S. Ct. at 2620. The Stern Court stressed that its holding was not intended to "meaningfully change[] the division of labor" between bankruptcy and district courts, and resolved a "narrow" issue. Id. Debtor's argument would expand Stern to effectively dismantle the current bankruptcy system.

The bankruptcy court had statutory authority to finally "hear and determine" the Trustee's motion to dismiss as a "core" proceeding pursuant to 28 U.S.C. § 157(b)(1), and this Court's General Order 13-05. See In re W. Steel & Metals, Inc., 200 B.R. 873, 874 (Bankr. S.D. Cal. 1996) (noting the court's jurisdiction to hear a motion to dismiss a

---

[4]Debtor also appears to protest the administrative closure of several adversary proceedings that he attempted to remove to the bankruptcy court after his bankruptcy case had been dismissed. Debtor's Br. at 17. But debtor has not appealed the orders administratively closing those cases, and those adversary proceedings are not properly before this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-05782-CAS | Date | August 17, 2015 |
| Title | *IN RE: ALFRED MCZEAL* | | |

Chapter 11 case for cause pursuant to 28 U.S.C. § 157(b)(1)). Whether to convert or dismiss a Chapter 11 case is clearly a "matter[] concerning the administration of the estate," the first type of proceeding listed as core under § 157(b)(2). And even after Stern, that authority is not constitutionally problematic. As a sister court has explained in affirming a bankruptcy court's dismissal for cause of a Chapter 11 case, "Stern did not destroy all finality in bankruptcy courts, it simply held § 157(b)(2)(c) was unconstitutional to the extent it swept counterclaims not arising in or under Title 11 into the category of 'core' proceedings." Mahanna v. Bynum, 465 B.R. 436, 442 (W.D. Tex. 2011). "Here, by contrast, the dismissal disposed of the bankruptcy case, which was clearly a case arising under or in Title 11, and thus remained a 'core' proceeding as contemplated by the Supreme Court in Stern." Id. Accordingly, debtor's final contention of error fails.

## V.   CONCLUSION

For the reasons stated above, the judgment of the bankruptcy court is **AFFIRMED**.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |